Spear, J.
The question at issue involves a consideration of statutory provisions relating to the fees of sheriffs, and especially a construction of section 7264 of the Revised Statutes. Prior to the act of February 7, 1898, that section was as follows: “When the venue is changed, the clerk of the county in which the indictment was found shall make a certified transcript of all the proceedings in the case, which, together with the original indictment, he shall transmit to the clerk of the court of the county to which the case is sent, and the trial shall be conducted in all respects as if the indictment had been found in that county; the prosecuting attorney of the county in which the indictment was found shall take charge of and try the case; and the court on application, “may appoint one or more attorneys- to assist him in the trial, and allow such compensation as it deems *449 reasonable; and the costs accruing from a change of venue, including the compensation of the attorneys appointed to assist the prosecuting attorney, and the reasonable expenses of the prosecuting attorney, incurred in consequence of such change of venue, shall be allowed and paid by the commissioners of the county in which such indictment was found.”
A construction was given by this court to the above quoted section respecting the fees of a sheriff of a county to which the prosecution had been removed in the case of Commissioners v. The State, 49 Ohio St., 373, in which case it was held that the county in which the indictment is found is not liable for the fees of the sheriff of the county in which the trial is had in a criminal case where the state fails to convict, the only compensation of the sheriff in such case being the allowance not exceeding three hundred dollars provided by section 1231 of the Revised Statutes. The matter of jury fees was involved in State ex rel. v. Board of Commissioners, 14 O. C C., 26, and it was held by the circuit court, opinion by Sibley, J., that the costs in such case which the county where the indictment was found has to pay do not include expenses incurred for securing a jury to . try the case.
It follows that, unless there has been a change in the phraseology of the statute which changes its meaning and effect, the question is already determined. It is, however, claimed by counsel for plaintiff in error that such a change has been made by the amendment of February 7, 1898, 93 O. L., 7. As amended by the above act that section was *450 made to read as follows: “When the venue is changed, the clerk of the county in which the indictment was found shall make a certified transcript of all the proceedings in the case, which, together with the original indictment, he shall transmit to the clerk of the court of the county to which the case is sent, and the trial shall be conducted in all respects as if the indictment had' been found in that county; the prosecuting attorney of the county in which the indictment was found shall take charge of and try the case; and the court on application, may appoint one or more attorneys to assist him in the trial, and allow such compensation as it deems reasonable; and the cost accruing from a change of venue, including the compensation of the attorneys appointed to assist the prosecuting attorney, and the reasonable expense of the prosecuting attorney incurred in consequence of such change of venue, and also including the fees of the clerk of the court and the sheriff, and the jury fees of the jury sitting in the trial of the case in the court of the county to which the venue is changed, shall be allowed and paid by the commissioners of the county in which such indictment was found.”
It would seem that, standing by itself, the language of this amendment to the effect that costs for which the county in which the indictment was found is liable shall include the fees of the sheriff of the county where the trial is had is intended as a provision awarding compensation to the sheriff for his services, and this was the construction given the section as so amended by the court of common pleas. But the contention of counsel *451 for defendant in error is that by reading section 1231 of the Revised Statutes into section 7264 it results that, inasmuch as the sheriff is never paid when the state fails to convict in the county where the indictment is found (except by the allowance under section 1231), that officer should not be placed in a better position by a mere change of venue; and this seems to have been the opinion of the circuit court. The section last referred to is as follows: “The court of common pleas in each county shall make an allowance of not more than three hundred dollars, per annum, for the sheriff, for services in criminal cases, where the state fails to convict, or the defendants prove insolvent, and for other services not particularly provided for, to be paid out of the county treasury.”
It is undoubtedly true that section 1231 should be considered in an inquiry as to the meaning of section 7264 since it relates to the same subject-matter, but we are not convinced that it controls the later enactment. There has been no attempt to repeal section 1231 and it still stands as: the general law upon the subject; nor does the inquiry call for a discussion of the rule as to repeals by implication. Another rule we think is applicable. That is with respect to the effect of subsequent legislation taking a particular phase of a subject-matter out of the operation of the previous general law. Some effect must be given to the language of the amendment, and if it was not inteuded to enlarge the compensation of the sheriff it is difficult to perceive any substantial reason for the change in the law affecting his fees. Putting the two sections together it is natural to conclude that the *452 amendment of section 7264 was intended as taking the matter of sheriffs’ fees in prosecutions in counties other than the one where the indictment was found out of the provisions of the general section, so that the law would now mean that generally the fees of sheriffs in their own county in cases where the state fails to convict shall, as heretofore, be compensated only by the allowance authorized by section 1231, but in counties to which a criminal prosecution has been removed the sheriff’s fees in and about that prosecution must be paid by the county where the indictment was found. This construction does no violence to the language of either section and gives effect to the apparent purpose of both. Manifestly the change in section 7264 does enlarge the claim respecting clerk’s fees and jury fees, without respect to acquittal or conviction. The fees of the sheriff are classed with the others, and if any qualification in fact against the sheriff had been intended it would have been but natural to express it. None is found in the language, and we think none should be imported into it.
The court is not necessarily concerned with the reasons of the general assembly in passing the amendment. It may be that it was realized that, since a sheriff is an officer of the particular county wherein he has been chosen, and neither he nor his county owes any special duty to incur expense or to render service for the benefit of the adjoining counties, that, out of fairness to that officer, and as a spur to an active discharge of duty in the interest of the state, special provision for his fees in a prosecution like the one *453 here considered would not only be a proper provision but a wise one. But whether the reasons for the legislation be satisfactory or otherwise, we must take the language of the act as we find it, and that provides for the compensation claimed.
This conclusion requires a reversal of the judgment of the circuit court and an affirmance of that of the common pleas, and it will be so ordered.

Reversed.

Summers, C. J., Crew, Davis, Shauck and Price, JJ., concur.